IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRAVIS BRANN, as the Administrator of
the Estate of Aaron Lee Brann                                                                PLAINTIFF

v.                                              No. 6:16-CV-06075

LANE MAYO, Individually and as a Garland County
Deputy Sheriff, et al.                                                                       DEFENDANTS

**OPINION AND ORDER**

Before the Court is a motion (Doc. 35) for summary judgment filed by Defendants Branstetter, Chandler, Hallbauer, Jamison, and Mayo.[1] Defendants have also filed a brief (Doc. 36) and statement of facts (Doc. 37) in support of their motion. Plaintiff has filed a response (Doc. 38), a brief (Doc. 39), and statement of facts (Doc. 40) in support of his response. Federal Rule of Civil Procedure 56(c)(1) requires a party to support its assertions about material facts with citation to admissible facts in the record. Neither Defendants' nor Plaintiff's statements of facts comply with this requirement,[2] though Defendants have inserted cursory and nonspecific citations

---

[1] Plaintiff has not demonstrated that Separate Defendant Max was ever properly served in his individual capacity. On August 29, 2016, Plaintiff filed what was purported to be proof of service on Max. (Doc. 15). On August 30, 2016, Counsel for Defendants filed a notice of insufficient service for Max, stating that said service was made at the Garland County Sheriff's Department, that Max was not employed by that agency at the time of service, and that the person who accepted service for Max was not authorized to accept service. (Doc. 19). Plaintiff appears to have made no follow-up effort to serve Max, and dismissal of the claims against Max would be proper for insufficient service. However, because the evidence on summary judgment makes clear that Max, like the other Defendants, is entitled to judgment on the merits, and because the instant motion easily served to put Plaintiff on notice of that possibility, the Court will grant judgment for Separate Defendant Max, as well.

[2] Counsel for both Plaintiff and Defendants have appeared before this Court in numerous cases and are presumably familiar with the Federal Rules of Civil Procedure, yet this is not the first time they have ignored this particular requirement while litigating a motion for summary judgment before this Court. *See, e.g.*, *Wright v. Hollingsworth*, No. 6:14-CV-06115, Docs. 12, 15 (case filed Oct. 22, 2014). The Court has limited time and resources, and no obligation to comb through the record in an attempt to discern whether or not there is merit to a motion for summary

to the record in their brief.  (Doc. 36, pp. 4–7).  Furthermore, Plaintiff's response was filed one week late.  W.D. Ark. R. 7.2(b).  Plaintiff did not file a motion to extend the time to file or a motion to file out of time, and Plaintiff's response gives no explanation for its tardy filing.  Accordingly, the Court has disregarded the response.  Defendants' motion for summary judgment will be granted.

Plaintiff has asserted claims under 42 U.S.C. § 1983 arising out of the suicide of Aaron Lee Brann, a pretrial detainee held in the Garland County Detention Center.  Plaintiff argues that upon intake to the Detention Center, Defendants failed to provide him with appropriate medical treatment, which ultimately led to Brann's suicide.  Plaintiff also asserts claims pursuant to the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101, et seq.

As a pretrial detainee, Brann was "protected under the Constitution from a state actor's deliberate indifference towards [his] serious medical needs."  *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 698 (8th Cir. 2016).  To prevail against any Defendant in his individual capacity, Plaintiff must show that Brann had an objectively serious medical need and that that Defendant knew of this need but deliberately disregarded it.  *Id.*  Plaintiff must show something more than gross negligence.  *Id.*  A suit against a Defendant in his official capacity is actually a suit against his office.  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).  To prevail against Garland County, Plaintiff must show that a constitutional violation occurred as a result of an official policy, an unofficial custom, or a failure to train or supervise.  *Corwin*, 829 F.3d at 699.

The only evidence submitted on this motion is found in the exhibits attached to Defendants' brief.  (Docs. 36-1–36-9).  A careful review of these undisputed exhibits makes it clear that when

---

judgment.  Counsel are admonished to comply with the Rules going forward, lest failure to properly support a future motion or response result in summary disposition against their clients.

Brann was booked into Garland County Detention Center, a medical evaluation occurred. During that evaluation, Brann self-reported several prescriptions, but medical staff could not verify that he was prescribed these medications. Nonetheless, Brann was put on methadone pursuant to the protocol in place for medication withdrawal. Brann was then escorted to his cell. He expressed a desire to call his lawyer to check his court date, and was told that he could write a letter and that Detention Center staff would find out his court date. Brann reacted disrespectfully, was told to collect his property, and refused. Brann was then relocated to a different cell for lockdown. Approximately one hour after the relocation, after being alerted by other detainees, Garland County Deputies went to Brann's cell and found him hanging from his bunk by a bed sheet. Deputies lifted Brann and cut the sheet, then performed CPR until relieved by medical personnel. CPR was unsuccessful, and Brann was declared dead approximately 30 minutes after Deputies were alerted that Brann had hanged himself.

Although it is not clearly communicated, Plaintiff's theory of liability seems to be that Defendants knew Brann was suicidal, or perhaps that he would become suicidal if his unverified medication was discontinued. On this evidence, Plaintiff could not show that any Defendant knew Brann was a suicide risk. Furthermore, the Court is not convinced that Plaintiff could even show a genuine dispute of fact regarding any Defendant's knowledge of a risk that discontinuing Brann's medication would be harmful. Assuming for the sake of argument that Plaintiff could show a dispute of fact as to a Defendant's knowledge of this risk, the Court is not convinced that Plaintiff could show a dispute of fact as to whether any Garland County personnel were negligent, let alone deliberately indifferent, to that medical need. Medical personnel put Brann on methadone to address medication withdrawal. Additionally, the evidence demonstrates that Detention Center staff made a genuine effort to resuscitate Brann when they found him hanging. This temporally-

proximate concern for Brann's wellbeing undermines any argument that Defendants were earlier deliberately indifferent to his serious medical needs. Plaintiff cannot show that any Defendant in his individual capacity violated Brann's constitutional rights, and summary judgment for the individual-capacity Defendants is proper.

Because Brann cannot show a constitutional violation occurred, judgment is also proper for Garland County on the official capacity claims. *Corwin*, 829 F.3d at 700.

Because the Court is dismissing the claims over which it has original jurisdiction, the claims over which the Court has supplemental jurisdiction will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1018–19 (8th Cir. 2011).

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 35) is GRANTED IN PART, and Plaintiff's claims against all Defendants under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE. Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of July, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE